UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| ) | JUDGE NEWBERN |
| DENIS ALFONSO GONZALEZ MELEAN,) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION FOR DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT

COMES NOW the United States of America by Robert E. McGuire, Acting United States Attorney, and Robert S. Levine, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant in this matter. Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure the appearance of such person as required and the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves a crime of violence. 18 U.S.C. § 3142(f)(1)(A). A crime of violence is an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another. 18 U.S.C. § 16.

The Complaint in this case alleges Extortion through Interstate Commerce. An element of the offense is a threat to injure a person. The Affidavit in support of the Criminal Complaint in this case details an extended effort to extort a victim in Utah for $100,000. Specifically, the Defendant sent the victim a message that his criminal associate would "finish off your whole family in Venezuela" if the extortion demand is not paid.

The Defendant is a citizen of Venezuela. The Defendant's immigration status, according to U.S. immigration authorities, is a B2 visa overstay with a pending asylum application. If released, his appearance at future court proceedings is not assured.

The United States asserts that the Defendant is both a substantial risk to the safety of others and the community and that he is a substantial risk of non-appearance at future hearings if released. Victim 1 reported to law enforcement that Defendant's criminal associate has ordered the killing of people before, including a neighbor and an individual in Idaho. Law enforcement has reason to believe that the Defendant's criminal associate is affiliated with Tren de Aragua ("TdA"), a foreign terrorist organization known to commit acts of violence. Victim 1 is in fear of violence due to the filing of the Complaint, as the Defendant and his associates now know that law enforcement is involved. The risk of Defendant's non-appearance is due to the Defendant's foreign citizenship, his immigration status in the United States, and his substantial ties to Venezuela and ability to leave the United States with his Venezuelan passport. There are no conditions that can be set to reasonably assure public safety and future court appearances.

The Government submits that it is reasonable for the court to take testimony on this issue to determine if the Government is entitled to a detention hearing and whether the Defendant should be detained. This procedure is appropriate and will provide the Court with the best evidence to determine how to proceed on the issue of detention going forward under 18 U.S.C. § 3142. *See. United States v. White,* Case No. 3:21-mj-04070 (Doc. No. 65, PageID #:278) (M.D. Tenn. May 27,. 2021.) ( "Ultimately, the Court cannot conclude that the Government should be deprived of the opportunity to establish, at the detention hearing itself, satisfaction of one of the two required steps for obtaining the detention order it seeks. This means, in this case, that the Court will do what the court did in, for example, *Mendoza-Balleza*: examine whether the evidence introduced at [or

before] the detention hearing shows that the Government has met its burden of satisfying step one by showing by a preponderance a serious risk of flight.") (citing *United States v. Mendoza-Belleza*, 420 F. Supp. 3d 716 (E.D. Tenn 2019).

                      Respectfully submitted,

                      ROBERT E. MCGUIRE
                      Acting United States Attorney
                      Middle District of Tennessee

By:    /s/ Robert S. Levine
                      Robert S. Levine
                      Assistant U.S. Attorney
                      110 9th Avenue South
                      Nashville, Tennessee 37203
                      (615) 736-5151

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing will be served via email to counsel for defendant on the 21st day of October, 2025.

                      /s/Robert S. Levine
                      ROBERT S. LEVINE